IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JEFFREY STEVEN RUDLUFF,** *Petitioner* | § § § |
| **v.** | § 1:22-CV-01139-RP-SH § § |
| **WARDEN FNU ROSALEZ,** *Respondent* | § § § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROPERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Jeffrey Steven Rudluff's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed November 3, 2022 (Dkt. 1); Petitioner's Amended Petition for Writ of Habeas Corpus, filed April 12, 2023 (Dkt. 12); and the Government's Response, filed April 26, 2023 (Dkt. 13). The District Court referred the case to this Magistrate Judge for disposition of all non-dispositive pretrial matters and for findings and recommendations on all case-dispositive motions, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 2.

## I. Background

The First Step Act ("FSA") requires the Bureau of Prisons ("BOP") to evaluate each prisoner and determine the type and amount of Evidence-Based Recidivism Reduction ("EBRR") programming appropriate for each prisoner to reduce their risk of recidivism. 18 U.S.C. § 3632(a)(3). Prisoners are to be given incentives to participate in the EBRR programs, including

10 days of time credits for every 30 days of successful participation in EBRR programming. *Id.* at § 3632(d)(4)(A)(i). In addition, prisoners determined by the BOP "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Id.* at § 3632(d)(4)(A)(ii).

Petitioner argues that the BOP improperly calculated his earned time credits under the FSA by awarding him only 10 days of time credit for every 30 days of participation in EBRR programming when he should have been awarded 15 days of time credit for every 30 days of participation under 18 U.S.C. § 3632(d)(4)(A)(ii). Dkt. 12 at 5. Petitioner asks the Court to "adjust the Plaintiff's earned time credit adopting Plaintiff's calculation of FSA time credits, applying fifteen days for every thirty days of qualified programming." *Id.* at 10.

Petitioner also argues that the BOP's Change Notice issued on February 6, 2023 is unconstitutional because it would disqualify more individuals from receiving time credits than authorized by Congress. *Id.* at 5-6. Petitioner asks the Court to order the BOP "to remove the additional requirement that inmates meet the Community Standards qualification required under the Community Correction Center Policy." *Id.* at 12.

## II.   Legal Standards

### A.  Section 2241

A petitioner may seek habeas relief under 28 U.S.C. § 2241(c)(3) in the district where he is incarcerated if he is "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner bringing a § 2241 petition is limited to attacking how "a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petitioner must exhaust his administrative remedies through the BOP before filing a

§ 2241 petition. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). Because it is the Attorney General, through the BOP, who is responsible for administering a prisoner's sentence, it is the BOP—not the district court—that has the statutory authority to decide "*where* a federal sentence will be served, *when* it begins, and, in certain respects, *how long* it will last." *United States v. Aparicio*, 963 F.3d 470, 478 (5th Cir. 2020) (citation omitted); *see also Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) ("Only the Attorney General, through the BOP, may compute a prisoner's [time] credits.").

### B. Article III Case or Controversy Requirement

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing "Cases" or "Controversies." U.S. CONST. art. III, § 2; *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

> Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Id.* at 477. To satisfy Article III's standing requirements, the plaintiff must have (1) suffered an injury in fact that is (2) fairly traceable to the challenged conduct of the defendant and (3) likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Spokeo*, 578 U.S. at 338.

The case or controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate. It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit."

*Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). Because a "moot case presents no Article III case or controversy," a federal court "has no constitutional jurisdiction to resolve the issues it presents." *Nkenglefac v. Garland*, 34 F.4th 422, 428 (5th Cir. 2022). A moot case must be dismissed for lack of jurisdiction. *See Lewis*, 499 U.S. at 482.

### III.   Analysis

The Government argues that the Court should dismiss the Petition for lack of jurisdiction. The Government contends that Petitioner's claim for time credits is moot because after he filed this suit, the BOP recalculated Petitioner's time credits as requested. The Government also argues that Petitioner lacks standing to challenge the BOP's Change Notice because he has not alleged that he has suffered any injury as a result of the policy change. Petitioner did not respond to the Government's motion.

#### A.   Time Credit Calculation

After Petitioner filed his Amended Petition, the BOP recalculated his FSA time credits and awarded him 15 days of time credit for every 30 days participation beginning on December 9, 2019. Dkt. 13-1 at 2. Thus, Petitioner's request that the BOP recalculate his time credits to grant him 15 days of credit for every 30 hours of participation in EBRR programming is moot. Petitioner also abandoned this claim by failing to respond to the Government's argument. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue this claim beyond her complaint constituted abandonment.").

Even if Petitioner's claim were not moot, his Petition would be dismissed for failure to exhaust administrative remedies. Petitioner must raise any claim that the BOP miscalculated his time credits with the BOP before seeking judicial review. *See Gallegos-Hernandez*, 688 F.3d at 194

4

(holding that a petitioner must exhaust his administrative remedies through the BOP before filing a § 2241 petition).

### B.  BOP Change Notice

Petitioner argues that the BOP's Change Notice issued on February 6, 2023 is unconstitutional because it would disqualify more individuals from receiving time credits than authorized by Congress. But Petitioner does not claim that this Change Notice affects *his* eligibility to receive time credits. Accordingly, he lacks standing to challenge the BOP's Change Notice because his claim is speculative and he has not alleged that he has suffered any injury as a result of the Change Notice. *Lujan*, 504 U.S. at 560. Petitioner also has abandoned this claim by not responding to the Government's motion to dismiss.

### IV.  Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DISMISS without prejudice** Jeffrey Rudluff's Petition and Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkts. 1 and 12) for lack of jurisdiction.

The Court **ORDERS** the Clerk to **REMOVE** this case from the Magistrate's Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 7, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE